UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DACCION TARVIN                                                                      PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:24-CV-398-CWR-ASH

ATTORNEY GENERAL'S OFFICE,                                                DEFENDANTS
ET AL.

ORDER

This matter is before the Court *sua sponte* regarding the subpoena issued by Pro se Plaintiff Daccion Tarvin [26]. As explained below, the Court vacates the subpoena and cautions Tarvin that he is prohibited from conducting discovery at this time.

Tarvin filed this lawsuit against several Defendants on July 10, 2024. Defendant Sgt. Mike Zimmerman then filed his motion to dismiss Tarvin's complaint, raising an immunity and jurisdictional defense. Mot. to Dismiss [3]. Under Local Uniform Civil Rule 16(b)(3)(B), the Court entered an order staying discovery pending the Court's ruling on Zimmerman's motion. L.U. Civ. R. 16(b)(3)(B). But on December 12, 2024, Tarvin issued a subpoena [26] on Defendant Mississippi Capitol Police Department, thereby initiating discovery in violation of the Court's order.

The Court prohibits Tarvin from conducting discovery, including issuing subpoenas, for two reasons. First, Federal Rule of Civil Procedure 26(d)(1) states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Additionally, under Local Rule 16(b)(3)(B), the Rule 26(f) attorney conference "and all discovery" are stayed upon the filing of a motion asserting an immunity or jurisdictional defense. Zimmerman filed such a

2

motion. Tarvin's attempt at initiating discovery during the pendency of a qualified immunity motion is prohibited. *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022) ("Where public officials assert qualified immunity in a motion to dismiss, a district court must rule on the motion. It may not permit discovery against the immunity-asserting defendants before it rules on their defense."). Because Tarvin is prohibited from conducting *any* discovery pending ruling on Zimmerman's motion, the Court vacates the subpoena he issued. The Court further cautions Tarvin that failure to comply with this Order will result in sanctions.

**SO ORDERED AND ADJUDGED** this the 13th day of December, 2024.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

2